UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 15 2019
Clerk, U S District & Bankruptcy
Courts for the District of Columbia

Leeann J. Galea,

   Plaintiff,

v.

Law Offices of Cary Alan Cliff, P.A., *et al.*,

   Defendants.

Civil Action No. 18-3097 (UNA)

## MEMORANDUM OPINION

The plaintiff, a resident of New York, is the mother of a minor child whose custody has been decided in the state courts of Florida. She alleges that the lawyer she hired to represent her in the Florida matter unlawfully secured her written consent after she had "suffered a mental breakdown," Compl. at 11, voluntarily admitted herself to a private mental health facility in Connecticut, *id.* at 12, and had been prescribed psychotropic medications, *id.* Nevertheless, she states, the lawyer filed a petition on her behalf in a Florida court, *id.* at 13, and these proceedings apparently culminated with the issuance of "a Pick-Up Order," Notice, ECF No. 3 at 2, pursuant to which the child's biological father may return the child to Florida. Among other relief, the plaintiff asks this Court "to issue an emergency injunction and forbid any actions and orders acquired by the illegal written consent . . . from being enforced by both Florida State and New York State courts and law enforcement entities." Compl. at 19. Further, she asks this Court to "remove[] her Florida case to be under [this Court's] jurisdiction." Supp. Pet., ECF No. 4 at 3; *see* Notice at 4.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal of the plaintiff's Florida case is not proper for three reasons: this plaintiff is not the defendant in the Florida case; the District of Columbia is not the federal district within which the Florida case is pending; and the Florida case has concluded. Furthermore, even if the plaintiff demonstrates that diversity jurisdiction exists under 28 U.S.C. § 1332(a), it is doubtful that this district is the proper venue for resolution of the plaintiff's claims because none of the parties resides in the District of Columbia and none of the events giving rise to the plaintiff's claims occurred here. Lastly, as a general rule applicable here, a federal district court lacks jurisdiction to review the decisions of other courts. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (noting that district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C.1986)).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and dismiss the complaint without prejudice. An Order is issued separately.

DATE: January 13, 2019

United States District Judge